UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND -
DETROIT & VICINITY, *et al*,

    Plaintiffs,

v.

PWB CONSTRUCTION INC.,

    Defendant.

Case No. 07-13348
Honorable PAUL D. BORMAN
Magistrate Judge DONALD A. SCHEER

_____/

| | |
|---|---|
| SACHS WALDMAN, P.C. | MARC A. GOLDMAN & ASSOC., P.C. |
| ROBERT A. FARR JR. (P61597) | MARC. A. GOLDMAN (P24024) |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 1000 Farmer Street | 30300 Northwestern Highway, Suite 312 |
| Detroit, Michigan 48226 | Farmington Hills, Michigan 48334 |
| (313) 965-3464  telephone | (248) 932-3500  telephone |
| (313) 965-0268  facsimile | (248) 932-3521  facsimile |

_____/

**STIPULATED AND CONSENT ORDER DISMISSING CASE
WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES
FOR RE-OPENING OF CASE FOR ENTRY OF CONSENT JUDGMENT**

The parties having entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit A, and having stipulated to the entry of this Order; and the Court, after having been fully advised of the terms of said Settlement Agreement:

IT IS HEREBY ORDERED that this case be dismissed without prejudice and without costs, interest or attorneys fees to either party, other than those covered by the parties' Settlement Agreement, and be administratively closed.

IT IS FURTHER ORDERED that upon the occurrence of a default under the Settlement Agreement, plaintiffs may file with this Court and shall serve upon defendant (a) an Affidavit of

1

Default, and (b) a Notice of Reopening Case and, without further notice, hearing, motion, application or order, shall present the STIPULATION AND CONSENT ORDER RE-OPENING CASE AND CONSENT JUDGMENT in the form stipulated to and executed by the parties as summarized in the Settlement Agreement, for immediate entry of said CONSENT JUDGMENT by this Court.

This Court retains jurisdiction over this matter for the purpose of enforcing the settlement agreement, should enforcement be necessary.


                                                          s/Paul D. Borman  
                                                          PAUL D. BORMAN  
                                                          UNITED STATES DISTRICT JUDGE

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 30, 2007.

                                                          s/Denise Goodine  
                                                          Case Manager

Stipulated and agreed to:

| For the Funds: | For PWB: |
|---|---|
| SACHS WALDMAN, P.C. | MARC A. GOLDMAN & ASSOC., P.C. |
| By: _s/ Robert Farr_ | By: _s/ Marc A. Goldman *_ |
| ROBERT A. FARR JR. (P61597) | MARC. A. GOLDMAN (P24024) |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 1000 Farmer Street | 30300 Northwestern Highway, Suite 312 |
| Detroit, Michigan 48226 | Farmington Hills, Michigan 48334 |
| (313) 965-3464 telephone | (248) 932-3500 telephone |

(313) 965-0268  facsimile                           (248) 932-3521  facsimile
rfarr@sachswaldman.com                              mgoldman@marcagoldman.com
Dated: October 29, 2007                             Dated: October 26, 2007

* By Robert Farr, with Mr. Goldman's permission.

# Exhibit A

## SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into between the Laborers Fringe Benefit Funds - Detroit & Vicinity (hereinafter the "Funds")[1] and PWB Construction Inc. (hereinafter "PWB"), in settlement of PWB's indebtedness to the Funds, and in settlement of the Complaint in Civil Action No. 07-13348 of the United States District Court for the Eastern District of Michigan, Southern Division, in Detroit, Michigan (hereinafter the "lawsuit").

## RECITALS

A. The lawsuit arises from PWB's alleged breach of the fringe benefit provisions of the collective bargaining agreement entered into between PWB, as employer, and Local Union No.'s 334 and 1076 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union").

B. The alleged indebtedness is that summarized in the audit published on January 17, 2007 totaling $35,689.89, plus costs and attorneys fees. The parties agree to settle this matter for $35,689.89, inclusive of costs and attorneys fees, as summarized below.

C. Although PWB does not presently have the funds to immediately satisfy its indebtedness to the Funds, the parties desire to settle and otherwise resolve all claims relating to the lawsuit upon the terms and conditions provided herein.

## TERMS AND CONDITIONS

NOW THEREFORE, the Funds and PWB mutually agree to the following:

1. <u>TERMS OF PAYMENT</u>: PWB will pay the Funds the sum of $35,689.89 in twelve (12) monthly payments. The first six of those payments, beginning on November 1, 2007 shall be for $2,000.00 each, and each of the subsequent five payments shall be due on the first day of each succeeding month until the first $12,000.00 of the indebtedness is paid. At the end of the first six months the balance owing will be $23,689.89 and shall be repaid in six additional monthly payments of $3,948.32 each (due on the first day of each succeeding month) until the $23,689.89 balance is repaid in full. In construing this agreement, time is of the essence. Payments shall be made payable to the "Laborers Fringe Benefit Funds - Detroit & Vicinity" and (unless otherwise instructed by the Funds) delivered to the attention of William R. Ray III, Collection Administrator, at 22260 Haggerty Rd., Suite 350, Northville, Michigan, 48167, so as to be received on or before each respective due

---

[1] Specifically, the "Funds" are collectively: (1) the Laborers Pension Trust Fund - Detroit & Vicinity, (2) the Laborers Vacation & Holiday Trust Fund - Detroit & Vicinity, (3) the Laborers & Poured Concrete Workers Insurance Fund, (4) the Laborers Annuity Fund - Detroit & Vicinity, (5) the Michigan Laborers Training Fund, and (6) the Poured Concrete Wall Industry Steward Fund.

2

date. For those months in which the due date falls on a weekend or holiday in which mail is not delivered, payments received on the first business day thereafter are deemed to be timely made. The balance of the indebtedness may be prepaid in whole or in part at any time within the twelve (12) month period of this payment agreement without penalty.

    2.    <u>TERMS OF SETTLEMENT</u>:

The Funds and PWB agree that the monthly payments provided for herein are in settlement of PWB's alleged indebtedness for the period of the audits billed on January 17, 2007 (i.e., covering the period of January 2003 through September 2006, including all costs and attorneys fees incurred in the lawsuit. Time is of the essence with regard to those payments.

The Funds and PWB further agree that PWB will strictly and timely comply with all of the fringe benefit provisions of any contract PWB has entered into or will hereafter enter into with the Laborers Union. Time is of the essence with regard to future compliance with said terms of the contract. All references in Part Three, DEFAULT, herein, with regard to "strict and timely compl[iance]" with future fringe benefit contributions shall be for those contributions due for each of the work months beginning with October 2007 (due on November 15, 2007) and thereafter, and any untimely fringe benefit contributions for any work months beginning with October 2007 (due on November 15, 2007) shall be considered a default of this agreement under the terms of Part Three, DEFAULT, herein.

Concurrent with the execution of this Agreement, the Funds and PWB shall stipulate to, and execute, the following three additional documents:

    (i)    STIPULATION AND CONSENT ORDER DISMISSING CASE WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES FOR RE-OPENING OF CASE FOR ENTRY OF CONSENT JUDGMENT (document one) and

    (ii)    STIPULATION AND CONSENT ORDER RE-OPENING CASE AND CONSENT JUDGMENT (document two), and

    (iii)    STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three).

All three documents are incorporated into this Settlement Agreement by reference. The executed STIPULATION AND CONSENT ORDER DISMISSING CASE WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES FOR RE-OPENING OF CASE AND ENTRY OF CONSENT JUDGMENT (document one) shall be promptly submitted by the Funds to the Court, and the Funds will provide PWB with a true copy. In the event the Court refuses to enter document one, this Agreement shall immediately be null, void and of no effect. The original of the executed STIPULATION AND CONSENT ORDER RE-OPENING CASE AND CONSENT JUDGMENT (document two) shall be held in escrow by counsel for the Funds, subject to provisions of paragraph three (3) of this Agreement. The original of the executed STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three) shall

be held in escrow by counsel for the Funds, subject to the provisions of paragraph four (4) of this Agreement.

    3.    <u>DEFAULT</u>: Each of the following is a separate default event:

(A)    Should any installment payment from PWB be delinquent for any reason under the TERMS OF PAYMENT provided for in paragraph one (1) herein, or

(B)    should PWB fail to strictly and timely comply with all of the fringe benefit provisions of any contract PWB has entered into or will hereafter enter into with the Laborers Union under the TERMS OF SETTLEMENT provided for in paragraph two (2) herein for fringe benefit contributions due for any work months beginning with October 2007 (due on November 15, 2007) and thereafter, or

(C)    should PWB be the subject of (i) any voluntary bankruptcy proceeding initiated by PWB, (ii) any involuntary bankruptcy proceeding initiated by a creditor other than the Funds herein, or (iii) a dissolution or liquidation-type proceeding under state law pursuant to the Michigan Business Corporations Act, MCL 450.1101, *et seq*,

PWB shall then be deemed to be in full breach of this Agreement and the installment payment provisions of this Agreement shall automatically and immediately become null, void and of no effect. In the event of a default, the parties agree that the full $35,689.89 shall be accelerated and become due in full immediately, minus any credits for payments made prior to the default. In the event of a default by PWB, the Funds may immediately file with the Court and shall serve upon PWB an AFFIDAVIT OF DEFAULT, a NOTICE OF REOPENING CASE and upon filing with the Court proof of such service and the STIPULATION AND CONSENT ORDER RE-OPENING CASE AND CONSENT JUDGMENT (document two), the Court shall promptly reopen the case and enter said CONSENT JUDGMENT, without further notice, hearing, or motion. The Funds shall thereafter be entitled to institute any and all proceedings they deem necessary to effectuate satisfaction of all amounts owing on the Judgment, including post-judgment interest.

If, however, an installment payment provided for in the TERMS OF PAYMENT provided for in paragraph one (1) herein is delinquent, but nonetheless accepted by the Funds, or in the event PWB fails to strictly and timely comply with all of the fringe benefit provisions of any contract PWB has entered into or will hereafter enter into with the Laborers Union under the TERMS OF SETTLEMENT provided for in paragraph two (2) herein for fringe benefit contributions due for any work months beginning with October 2007 (due November 15, 2007) and thereafter, and in either such default event the Funds elect not to accelerate the balance then owing but instead to waive acceleration of the balance and entry of the Consent Judgment (document three) and accept the payment, such waiver shall be on a one-time only basis as to that payment only and shall not be deemed to waive the Funds' right to their remedies under this Agreement for subsequent default events.

    4.    <u>FULL AND TIMELY PAYMENT</u>: Should each payment from PWB be timely made

3

or should PWB pay early the balance of its indebtedness pursuant to the TERMS OF PAYMENT provided for in paragraph one (1) herein, the Funds shall promptly file with the Court and serve upon PWB the STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three), and return the original STIPULATION AND CONSENT ORDER RE-OPENING CASE AND CONSENT JUDGMENT (document two) to counsel for PWB.

5.   NOTICE: Any notice to be given or served upon any parties relating to this Agreement shall be sufficient if made in writing, upon deposit in the U.S. Mail, postage paid or sent by facsimile transmission, to the parties respectively set forth below, or to any other address or facsimile number as to which any party so advises the other parties in writing:

    For Notice to Funds:          Sachs Waldman, P.C.
                                                 Attn: Robert A. Farr Jr.
                                                 1000 Farmer Street
                                                 Detroit, Michigan 48226
                                                 (313) 965-0268 facsimile

    For Notice to PWB:            Marc A. Goldman & Associates, P.C.
                                                 Attn: Marc A Goldman
                                                 30300 Northwestern Highway, Suite 312
                                                 Farmington Hills, Michigan 48334
                                                 (248) 932-3521 facsimile

6.   RELEASE: If all of the terms of the settlement agreement are satisfied by PWB, the Funds hereby agree to release PWB from any claims related to fringe benefit contribution liability arising during the period covered by the audit published on January 17, 2007, plus costs and attorneys fees related to the lawsuit.  The release shall be effective upon full payment of all obligations summarized herein and upon filing of the Stipulation and Order Dismissing Case With Prejudice (document No.3).

7.   AUTHORITY: The parties acknowledge that they have read this Agreement in its entirety, that they agree that its terms are fair and understand that they are legally enforceable, that they have entered into this agreement freely, voluntarily, and with the advice of legal counsel, and that they or the attorneys designated below have the full right, power, authority and capacity to enter into, execute, and bind the parties to this Agreement.

THIS AGREEMENT has been executed effective as of the date and year last below written. This agreement may be executed in counterparts and faxed signatures are acceptable as binding.

| For the Funds: | For PWB: |
|---|---|
| SACHS WALDMAN, P.C. | MARC A. GOLDMAN & ASSOC., P.C. |

By:  s/ Robert Farr    
ROBERT A FARR JR. (P61597)  
Attorney for the Funds  
1000 Farmer Street  
Detroit, Michigan 48226  
(313) 965-3464  
Dated: October 29, 2007  

By:  s/ Marc A. Goldman *    
MARC A. GOLDMAN (P24024)  
Attorney for PWB  
30300 Northwestern Highway, Suite 312  
Farmington Hills, Michigan 48334  
(248) 932-3500 ext 263  
Dated: October 26, 2007  

By:  s/ Kevin Porter *    

KEVIN PORTER  
President, PWB Construction, Inc.  
Dated: October 26, 2007  

* By Robert Farr, with Mr. Goldman's permission.